# CIRCUIT COURT OF THE CITY OF RICHMOND

H & W Investments

    v.

Crown Castle USA, Inc.,
and Verizon Communications, Inc.

November 18, 2005

Case No. LT-1735

BY JUDGE T. J. MARKOW

This matter is before the court on a Demurrer. The parties were heard on November 2, 2005. At the hearing, the parties agreed that the Motion Craving Oyer should be granted making the Lease agreement part of the Motion for Judgment. Additionally, Plaintiff agreed to provide opposing counsel with a Bill of Particulars describing Crown Castle's failure to maintain the property, which allegedly resulted in a breach of contract. The remaining issues were taken under advisement.

Contel Cellular of Richmond, Inc., signed a lease agreement with H & W Investments dated June 20, 1988. By this agreement, Contel Cellular leased a parcel of property from H & W "to conduct cellular radio telephone and other telecommunications operations, and to construct a building and self-supporting tower upon the Premises in order to conduct such operations." An entry and exit easement over Lessor's land was also conveyed. Crown Castle USA, Inc., is the successor in interest to Contel through assignment of the lease. Verizon Communications, Inc., leases space on this tower from Crown Castle and maintains cellular equipment thereon.

In Count I, Plaintiff alleges Crown Castle breached the lease agreement by permitting Verizon to locate its equipment on the tower, without obtaining permission from H & W Investments and thereafter collecting rents and fees from Verizon. In Count II, Plaintiff alleges that Crown Castle's acceptance of

rents and fees from Verizon constitutes a conversion of H & W's property. And, in Count III, Plaintiff alleges that Verizon is liable for trespass for failure to obtain H & W's permission to enter the property and sublease the tower space. Defendants demur to all three counts.

Plaintiff admits that the lease does not contain a provision prohibiting assignments or subleases and admits that there is no provision requiring H & W's permission or share of the rents and fees for such an assignment or sublease. Plaintiff argues, however, that the prior conduct of the parties, in the absence of such a lease provision, mandates that Verizon seek permission from H & W to sublease the space on the tower and also that Verizon pay H & W fees for such sublease.

After reviewing the lease, the court finds that no provision exists regarding the receipt of H & W's permission to sublease space on the tower, nor the payment of fees for such a sublease. In fact, this lease only governs the payment of rents for leasing the ground space on which the cellular tower is built and the easement thereto. This lease does not govern subleasing of tower space. However, paragraph 15 of the lease states:

> The covenants, stipulations, and conditions herein contained shall inure to the benefit of and shall be binding upon . . . the successors and assigns of the Lessee.

This paragraph contemplates the possibility of assignments of the lease, which are akin to subleases. Furthermore, "in the absence of express prohibition, all leases are assignable." *Wainwright v. Bankers' Loan & Investment Co.*, 112 Va. 630, 633, 72 S.E. 129, 130 (1911).

Because there is no provision in the lease prohibiting a sublease, the court finds that Plaintiff has failed to allege a claim for breach of contract. While there may have been an oral or implied contract based on representations or conduct of the parties, Plaintiff has failed to plead these facts in its Motion for Judgment. There is no claim based on the lease.

As to conversion, Plaintiff has failed to allege any agreement between the parties entitling H & W to Verizon's sublease payments made to Crown Castle. Accordingly, Plaintiff has failed to state a cause of action for conversion.

Additionally, Plaintiff has failed to allege a cause of action for trespass. The terms of the lease do not prohibit assignment of the easement. Plaintiff has failed to allege any facts demonstrating that Verizon has exceeded the scope and purpose of the easement granted to Crown Castle and subsequently assigned to Verizon.

For the foregoing reasons, the Demurrer is sustained as to Count I regarding Crown Castle's subleasing of the property and collection of rent without permission and sustained as to Counts II and III.

Plaintiff shall have ten days to amend its Motion for Judgment if it be so advised, and Defendants shall have ten days from service upon counsel within which to respond to the amendment. If Plaintiff does not amend within the allotted time period, this matter shall stand dismissed.